UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

2016 AUG 24  P 1: 03

FILED
CLERK, U.S. BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN

IN RE: CHARLES J. MATAS, JR.
(Debtor)

CASE NO: 16-30837-jam

Deutsche Bank National Trust
Company, as Trustee for Ameriquest
Mortgage Securities Inc., Asset-Backed
Pass-Through Certificates, Series 2004-R7.
Movant

vs.

Charles John Matas, Jr.
and Kara S. Rescia,
Trustee/ Respondent

August 24, 2016

RESPONSE TO MOVANTS MOTION FOR RELIEF FROM AUTOMATIC STAY ( REAL PROPERTY)

Debtor, CHARLES John MATAS, Jr. in response to Motion to Lift Automatic Stay filed by Movant, respectfully requests this Court deny Movant's Motion to Lift Automatic Stay.
This response is supported by the attached Facts and Legal Arguments.
and Authorities.

DATED: August 24, 2016

I.     **SUMMARY OF ARGUMENT**

Deutsche Bank National Trust submitted documents to the Court that were fraudulent in connection to their Motion For Relief from Automatic Stay and attempted to mislead the court that Movant was a real party in interest as defined by federal statutes on who's behalf this Motion could be filed.

A fraud upon the court, was committed when they presented a fraudulent Power Of Attorney and fraudulent Assignment of Mortgage to mislead the court that there was a valid chain of title.

These documents were created by individuals that were known to be document mills and were the subject of state and federal criminal actions.

This is not the first time Deutsche Bank's conduct regarding the submission of questionable documents in Motion for Relief From Stay in a bankruptcy court has been investigated.

The Movant and their Attorney had the legal duty to ensure the validity and accuracy of any documents they asked the court to rely on in order to maintain the integrity of the bankruptcy system.

By submitting fraudulent documents to the Court, the movant attacked the integrity of the Court and the Bankruptcy system.

**II  FACTS**

On May 4, 2016, the Debtor executed and delievered to Ameriquest Mortgage , a note for a loan in the original amount of One Hundred Twenty Four Thousand ($124,000).

On January 20, 2006 Debtor filed a TILA action against Ameriquest Mortgage Company in U. S. District Court Connecticut the case was later transferred U.S. District Court Northern District of Illinois. the case was not settled until November 12, 2012.

Movant claims the mortgage was assigned to Deutsche Bank National Trust, as Trustee for for Ameriquest Mortgage Securities , Asset Backed, Pass-Through Certificates Series 2004-R7 on January 20, 2009.

On May 27,2016 filed a Motion to Open and Vacate Judgment of Strict Foreclosure entered by the Court on February 29, 2016

On May 31, 2016 Debtor filed a Chapter 7 bankruptcy petition

On June 22, 2016, Movant filed Motion for Relief From Stay(Real Property)

### III. LEGAL ARGUMENT

Any arguments presented to the reguardings Movants':

Lack of adequate protection was in in fact caused by Ameriquest Mortgage and Deutsche Banks failure to cure any default in the 11 years proceeding any foreclosure action.
Even though the Movant claims Debtor has no equity in the property, the Debtor has has claimed a Homestead Exemption of $10,000.

The Judgment of Strict Foreclosure granted by the Connecticut Superior Court on

2/29/2016 [ New Haven Docket Number NNHCV-146051586-S.]

On May 27, 2016, before title had vested with the Movant, the Debtor filed a Motion to Open and

Vacate the Judgment of Strict Foreclosure on the grounds of Lack of Standing and therefore the courts

lack of subject matter jurisdiction.

"The trial court should adhere to the Supreme Court decision in "Dow & Condon, Inc. v. Brookfield

Dev. Corp., 266 Conn. 572(Conn. 2003), which summarizes the jurisprudence with respect to

jurisdictional challenges, and mandates that "Once the question of lack of jurisdiction of a court is

raised [however it] must be disposed of no matter what form it is presented........the court must fully

resolve it before proceeding with the case." [Deutsche Bank National Trust v. Carlos A. Pardo

A.C. 38127 Conn.]

### II. LEGAL ARGUMENT

Any claim the Movant argues of:
Any claim of inadequate property protection was caused by Ameriquest Mortgage and Deutsche Bank waiting 11 years before commencing an action to cure a default.
Even though the Movant claims Debtor has no equity in the property, the Debtor has claimed a federal Homestead of $ 10,000.

-3-

Why is the Movant asking court to grant this Motion for Relief in a Chapter 7 matter to commence any action in state court which will be discharged in several months when again they waited for 11 years to commence any action.

The judgment of Strict Foreclosure granted by Connecticut Superior Court [NNH-CV-14-6051586-S] is not absolute and final Title has not passed to Movant.
On May 27, 2016, Debtor filed a Motion to Open and Vacate Judgment of Strict Foreclosure with the Superior Court based on Lack of Standing and therefore the courts lack of subject matter jurisdiction. In the decision "Dow & Condon, Inc. v. Brookfield Dev. Corp, 266 Conn. 572 (Conn. 2003) " which summarizes the jurisprudence with respect to jurisdictional challenges, and mandates that Once the question of lack of subject matter jurisdiction is raised[however it] must be disposed of no matter what form it is presented...... and the court must fully resolve it before proceeding with the case." [Deutsche Bank National Trust v. Carlos Prado A.C. 38127 Conn.].

## A. FRAUD UPON THE COURT

Deutsche Bank National Trust, Ameriquest Mortgage, Ameriquest Mortgage Secutiies Series 2004-R7, and their attorney law firm Bendett & McHugh perpetrated a Fraud upon this Court.

Movants' attorney Bendett & McHugh had the legal duty to ensure the validity and correctness of all documents submitted to the Court to ensure its' integrity.

1. First item of fraud: fraudulent misrepresentation:
   Deutsche Bank through their attorney misrepresented to the Court that
   Movant was a Trustee for a living entity Ameriquest Mortgage Securities, Series 2004-R7
   but in fact they did not exist at the time this motion was filed.
   Debtor researched the SEC EDGAR online database and discovered the last filing with the SEC
   was the annual report of 3/23/2005.

   This filing also included the filing of a 15-15d- suspension of filing duties with the SEC.
   At this time it was reported that trust had 17 investors.

The trust was first registered with the SEC on 7/20/2004 and less than a year later requested suspension of reporting duties.

It's been 11 years since trust filed documents with the SEC.

This is a good indicator the trust does not exist.

Other online sources have also come up with negative results.

Who is the secured creditor with a pecuniary interest and who has suffered an injury.

Unless Deutsche Bank is claiming to be a trustee for a ghost.

2. Second item of fraud:
    The Power of Attorney document submitted by the movant [movant's Exhibit C]
    granting Citi Residential Lending certain limited powers of attorney from Ameriquest.
    The document was not created by the legal departments of Ameriquest and Citi Residential but
    by DocX, a document mill in Alpharetta, Georgia.
    The document submitted as [Movants EXHIBIT "C"] is very suspect: it has a penciled in
    name of DocX on front page and on the last page the typed in date is crossed out and a new date
    is penciled in, and the seal of Ameriquest is penciled out.
    The signature is of Jeff George as Vice President of Ameriquest Mortgage signature is a scribble
    and the witnesses are also illegible scribbles.

    What would a Vice President of Ameriquest located in California be doing in
    Alpharetta, Georgia ?

    The President of DocX pleaded guilty to wire fraud and mail fraud in federal
    court in Jacksonville, Florida [Case No. 3:12-cr-198-J-25MCR]

    Workers were instructed to forge and falsified signatures on loan documents and notarized
    them to look legitimate.
    This fraudulent power of attorney was submitted to further deceive the court into
    believing there was a complete unbroken chain of title.

3. Third item of fraud is:
    an Assignment of Mortgage and Note.    [ Movant Motion EXHIBIT C ]
    Document was dated January 20, 2009 and was alleged to have been signed by Crystal Moore
    as Vice President of Citi Residential Lending and notarized by Bryan Blye and prepared by
    Jessica Fretwell.
    The signatures of Crystal Moore is a scribbled upside down "U" and the signature of Bryan Blye
    is a scribbled "B" with his notary stamp.

-5-

The Bryan Blye notary is in violation of Florida law: which states the name signed on the document must be the same as that registered with the state of Florida.

The Debtor avers that Ms. Moore, Mr. Blye and Mr. Fretwell are not employees of Citi Residential Lending or have any connection with Citi Residential but are employees of Nationwide Title Clearing of Florida.

They had no knowledge of what they were signing or its' accuracy.

They have been identified as Robo-Signers.

On the date this document was signed Ameriquest Mortgage and Citi Residential Lending did not exist.

The assignment of mortgage is a bogus document constituting a fraud upon this court in an attempt to mislead the court into believing it was an accurate document the court could rely on.

The Attorney General, of the state of Illinois commenced an legal action against Nationwide Title Clearing including Crystal Moore and Bryan Blye for violation of the Consumer Fraud and Deceptive Business Practices Act.

Crystal Moore and Bryan Blye both testified that :

They sign documents as Vice President's of various financial institutions when in fact they were employees of NTC and there only duty is to sign the documents.

They have no role in the creation of the documents and do not read or verify the documents they sign.

The documents they sign often contain false and deceptive statements that they claim to have personal knowledge of the facts.

Deutsche Bank's foreclosure practice's were investigated by U.S. Bankruptcy Trustee,

Tracey Hope Davis when she questioned the integrity of documents presented to the court

and the process utilized by Deutsche Bank in filing foreclosures.

## **CONCLUSION**

The court must investigate any allegation that a party appearing before by their actions and wilfull misconduct has attacked the integrity of the court and the bankruptcy as a whole.

WHEREFORE, the DEBTOR , respectfully requests that this court deny, Deutsche Bank National Trust Company As Trustee Motion and for such other and further relief the Court deems proper and necessary.

Debtor asks the court to leave open Debtors option to commence and adversarial action.

Respectfully Submitted,

By: /s/
The Debtor

August 24, 2016

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

IN RE: 16-30837-jam                                    CHAPTER 7

CHARLES J. MATAS Jr.
    (Debtor)

Deutsche Bank National Trust
Company, as Trustee for Ameriquest
Mortgage Securities Inc., Asset-Backed
Pass-Through Certificates, Series 2004-R7.
    (Movant)

vs.

Charles John Matas, Jr.
and Kara S. Rescia, Trustee
    (Respondent)                                    AUGUST 24, 2016

## CERTIFICATION OF SERVICE

The undersigned "(the Debtor") hereby certifies that on or about the 24th day of August, a true and correct copy of the Notice of Hearing and Instructions have been served upon all parties entitled to this notice by U.S. Mail.

Tracy F. Allen
The Movant's Attorney
Bendett & McHugh P.C.
270 Farmington Avenue   Suite 171
Farmington, Connecticut 06032

Office of U.S. Trustee
Giamo Fedreal Bldg.
150 Court Street
Room 302
New Haven, CT 06510

Kara S. Rescia, Esq.
Trustee
5104A Bigelow Commons
Enfield, CT 06082

By: /s/ Charles J. Matas
Charles John Matas, Jr.
The Debtor
August 24, 2016