**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **In Re: 16-30837-jam** | ) | **Chapter 7  Proceeding** |
| | ) | |
| **Charles John Matas, Jr.** | ) | |
|     **Debtor** | ) | |
| | ) | |
| **Deutsche Bank National Trust** | | |
| **Company, as Trustee for Ameriquest** | | |
| **Mortgage Securities Inc., Asset-Backed** | ) | |
| **Pass-Through Certificates, Series** | | |
| **2004-R7** | | |
|     **Movant** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Charles John Matas, Jr.** | ) | |
| **and  Kara S. Rescia, Trustee** | ) | |
|     **Respondent** | ) | **August 26, 2016** |

**CREDITOR'S RESPONSE TO THE OBJECTION TO ITS'**
**MOTION FOR RELIEF FROM AUTOMATIC STAY**

The Creditor, Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R7, hereby responds to the Debtor's Objection to its' Motion for Relief from Automatic Stay, and requests said objection be overruled for cause including but not limited to the following reasons:

1. Per the Debtor's Schedule A/B sworn to under penalties of perjury, the fair market value of the Property is $115,000.00. See Debtor's Schedule A/B attached hereto as Exhibit A. Pursuant to Federal Rule of Evidence 801(d)(2)(A), the schedules are admissible as evidence because the statements contained therein were made by the Debtor in an individual capacity and are being offered against the Debtor to support Deutsche Bank's position under 11 U.S.C. §362.

2. Per the Debtor's Schedule D, the balance of the Creditor's security interest exceeds the value of the property by $193,808.70. See Debtor's Schedule D attached hereto as Exhibit B as evidence of total debt. Therefore, the Creditor has proven the Debtor has no equity in the property as required by 11 U.S.C. §362 (d)(2)(A). Additionally, as this is a Chapter 7 proceeding, pursuant to §362 (d)(2)(B), the Property is not necessary to an effective reorganization. Therefore, pursuant to 11 U.S.C. §362(d), "the court shall grant relief from stay".

3. The case was filed on May 31, 2016 and upon information and belief, the Debtor has failed to pay any monthly mortgage payments to the Creditor. The Debtor is currently due for the November 1, 2005 monthly payment and has lived in the property without making a payment for almost eleven years. The lack of payment by itself is sufficient cause pursuant to 11 U.S.C. §362(d)(1) for the court to grant the motion for relief from stay.

4. Pursuant to 11 U.S.C. §362 (g)(1), the Movant has the burden of proof on the issue of the Debtor's equity in the property and pursuant to 11 U.S.C. §362 (g)(2) the party opposing relief has the burden of proof regarding all other issues, including but not limited to proving that the Movant's security interest is adequately protected.

5. The Debtor has failed to provide any evidence or even allege that monthly mortgage payments the Creditor alleges were not paid, were actually paid or that the Movant's security interest is adequately protected. As a result, "the court shall grant relief from stay" pursuant to 11 U.S.C. §362(d)(1).

6. Pursuant to the Rooker-Feldman doctrine, the bankruptcy court is without jurisdiction to undo a state court finding on the issue of standing. Under this doctrine, "…….federal courts have no subject matter jurisdiction over cases that effectively seek review of judgments of state courts." *Moccio v. New York State Office of Admin., 95 F.3d 195, 197 (2d Cir. 1996)* (lower federal court subject matter jurisdiction is lacking if exercise of jurisdiction results in state court judgment's reversal or modify a state court judgment).

7. In this matter, a state court foreclosure action commenced against the Debtor by the Creditor on December 12, 2014 under Docket #NNH-CV14-6051586-S. The State Court Civil Docket is attached hereto for reference as Exhibit C. A Judgment of Strict Foreclosure

entered on February 29, 2016 in the New Haven Superior Court. See Notice of Judgment of Strict Foreclosure as additional evidence of total debt and fair market value attached hereto as Exhibit D. The Debtor, in his Objection, is arguing Movant lacks standing and is requesting the Bankruptcy Court to review and reject the state court judgment of strict foreclosure. Likewise, this bankruptcy filing is an attempt by the Debtor to assert a claim for injuries against the Creditor based on the state foreclosure action and judgment of strict foreclosure. *See e.g., In re Wilson,*, *410 Fed. Appx. 409, 2011 WL 573476* (…holding that the doctrine barred debtor's adversary complaint against mortgage loan lender for alleged wrongful foreclosure on grounds that lender lacked standing to foreclosure); *See also Astoria Fed. Savings & Loan Assoc. v. Arcamone, 2012 WL 4355550, at \*2 (citing Gunn v. Ambac Assur. Corp., No. 11 Civ. 5497(PAC)(JLC), 2012 WL 2401649, \*12 (S.D. N.Y. June 26, 2012) (*"Courts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the Rooker-Feldman doctrine.") (quoting *Danziq v. PDPA, Inc., 125 Conn.App.* 254, 261, 11 A.3d 153 (2010), cert. denied, 300 Conn. 920, 14 A.3d 1005 (2011)). Any issues that the Debtor has relating to standing have already been fully adjudicated in the above state court foreclosure action.

8. Moreover, the Rooker-Feldman Doctrine strips the court of jurisdiction to consider any allegations or claims by the Debtor which would invite this court to review and

deny the judgment of strict foreclosure entered by the State Court. Specifically, the "doctrine bars not only claims that involve direct review of a state court decision, but also claims that are 'inextricably intertwined' with a state court decision." *Grant v. City of New Haven*, 115 Fed. Appx. 475, 2004 WL 2413577, *1 (2d Cir. Oct. 28, 2004) (citations omitted). "Even where a plaintiff alleges that a state court judgment was procured by fraud, Rooker-Feldman will divest the federal court of jurisidiction." *Gonzalez v. Ocwen Home Loan Servicing*, 74 F. Supp. 3d 504, 513 (D. Conn., 2015); *Astoria Federal Sav. & Loan Ass'n v. Arcamore*, No. 3:12-cv-230 (WWE), 2012 U.S. Dist. LEXIS 136404, 2012 WL 4355550, at *2 (D. Conn. Sept. 18, 2012) (citing *Done v. Wells Fargo Bank, N.A.*, No. 08-CV-3040 (JFB)(ETB), 2009 U.S. Dist. LEXIS 84114, 2009 WL 2959619, at *3 n.6 (E.D.N.Y. Sept. 14, 2009)). See also *Smith v. Wayne Weinberger P.C.*, 994 F. Supp. 418, 423 (E.D.N.Y. 1998) ("The fact that the plaintiff alleges that the State Court judgment was procured by fraud does not remove his claims from the ambit of Rooker-Feldman.").

9. As the issue of standing has been fully adjudicated in state court, the doctrines of res judicata and collateral estoppel further prevent the Debtor from raising the issue of standing in bankruptcy court.

10. Under the doctrine of Res Judicata (claim preclusion), "… a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim.

A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose." *Florence Krondes v. Norwalk Savings Society, 53 Conn. App. 102 (1999).*

11. The doctrine of collateral estoppel (issue preclusion) further stops the Debtor from re-litigating an issue that has been determined in a prior suit between the same parties. *Powell v. Infinity Insurance Co., 282 Conn. 594, 600 (2007).* "Collateral estoppel means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuits…." *Cumberland Farms, Inc. v. Groton, 262 Conn. 45, 58 (2002).*

12. The bankruptcy court is required under 28 U.S.C. 1738 to give full faith and credit to the effect of state court judgments . *Allen v. McCurry, 449 U.S. 90, 96 (1980).* In the present action, the issue of standing has already been determined by the New Haven Superior Court which granted a judgment of strict foreclosure on behalf of the Movant on February 29, 2016.

13. The Debtor makes reference multiple times to filing a "Motion to Open and Vacate Judgment of Strict Foreclosure with the Superior Court based on Lack of Standing…" on May 27, 2016 in the New Haven Superior Court which supports the fact that these issues are

the domain of the Connecticut Superior Court which has exclusive jurisdiction over the foreclosure of the subject property.

WHEREFORE, the Movant requests the Debtor's objection be overruled and the Motion for relief from stay granted.

        Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc., Asset Backed Pass-Through Certificates, Series 2004-R7

        By */s/ Tracy F. Allen*
        Tracy F. Allen
        The Movant's Attorney
        Federal Bar No.ct27818
        Bendett & McHugh, P.C.
        270 Farmington Avenue, Suite 171
        Farmington, CT 06032
        Phone: (860) 677-2868
        Fax: (860) 409-0626
        Email: BKECF@bmpc-law.com

CERTIFICATION OF SERVICE

I hereby certify that on this 26th day of August, 2016, a copy of the foregoing was served to the following:

Charles John Matas, Jr.
Debtor
89 East Gate Lane
Hamden, CT 06514
*Via First Class Mail*

U.S. Trustee
*Via Electronic Notice of Filing*

Kara S. Rescia, Esq.
Trustee
*Via Electronic Notice of Filing*

By */s/ Tracy F. Allen*
Tracy F. Allen
Movant's Attorney
Federal Bar No.ct27818
Bendett & McHugh, P.C.
270 Farmington Avenue, Suite 171
Farmington, CT 06032
Phone: (860) 677-2868
Fax: (860) 409-0626
E-Mail: BKECF@bmpc-law.com